IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES AND MARY MOORE<br>Plaintiff<br><br>v.<br><br>FEDERAL EMERGENCY<br>MANAGEMENT AGENCY<br>Defendant | § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, James and Mary Moore ("Plaintiff '), by and through their attorney, George A. Oggero, brings this complaint against, Federal Emergency Management Agency for breach of a flood insurance contract issued pursuant to the National Flood Insurance Program. Plaintiff alleges the following upon information and belief:

## PARTIES

1.  Plaintiff James and Mary Moore reside and are domiciled in Texas in this judicial district. Plaintiff's property, located at the address below, was insured against flood damages by NFIP DIRECT:

| | | | | | |
|---|---|---|---|---|---|
| James and Mary Moore | 8203 Coastway Ln. | Houston | TX | 77075 | Policy No. RL0040066 |

2.  The Federal Emergency Management Agency (hereinafter FEMA or Defendant), is an agency of the United States Department of Homeland Security, whose principal office is located at 500 C Street, S.W., Washington, D.C. 20472

3.  The Regional Administrator for FEMA may be served at FRC 800 North Loop 288, Denton, TX 76209-3698.

4. The United States Attorney for the Southern District of Texas may be served at U.S. Attorney's Office for Southern District of Texas, 1000 Louisiana, Ste. 2300 Houston, TX 77002.

5. The Attorney General for the United States of America may be served at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## **JURISDICTION**

6. This action arises under the NFIA, federal regulations and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property and contents located in this judicial district.

7. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under an NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

8. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

9. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## **VENUE**

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

## **FACTUAL ALLEGATIONS**

11. Congress established the NFIP in 1968 in order to reduce the public burden of expenses

after flood disasters. 42 U.S.C. § 4001. The program is administered by the Federal Emergency Management Agency ("FEMA"). *Id.* § 4011.

12.     On or about August 25, 2017, Hurricane Harvey (the "Storm") made landfall in Texas, causing widespread devastation and severely damaging homes and businesses throughout Texas. Hurricane Harvey caused unprecedented levels of rainfall, which led to severe flooding that overwhelmed Houston's community. Plaintiffs home and personal property were inundated and destroyed by flood waters.

13.     Plaintiff's home at 8203 Coastway Ln., Houston, Texas 77075 (the "Property") sustained devastating water damage to the flooring, walls, insulation, framing, doors, cabinets, fixtures, and otherwise throughout the entire home and property. The flood water also caused extensive damage to Plaintiff's personal property. All property, both personal property and real property, that was damaged by the contaminated flood waters must be fully repaired and/or replaced.

14.     Plaintiff made a claim with Defendant for the flood damage to his property and contents, and subsequently submitted a Proof of Loss for the policy limits. Plaintiff duly performed and fully complied with all conditions of the Policy. Defendant assigned employee adjuster to handle Plaintiff's claim. Company adjuster entrusted to adjust Plaintiff's claim and assess the flood damages. The adjuster inspected the home and observed the extensive flood damage throughout Plaintiff's Property. However, rather than recommending a proper and sufficient payment under the terms of the Policy, they disregarded the Policy and undervalued and underpaid Plaintiff's flood claim. Specifically, NFIP issued an estimate for $85,086.70 for the building damages. These estimates undervalued and/or wholly omitted covered damages items. Defendant relied on and paid Plaintiff wholly pursuant to the adjusters' inadequate estimates of Plaintiffs extensive flood damages. Based on their deficient inspection and improper valuation of Plaintiff's

damages, Defendant determined Plaintiff's net claim amount totaled $85,086.70 for damages.

15. Plaintiff did not agree with Defendant's assessment and undervaluation of the damages to the property and contents. Upon review of Defendant's estimates, Plaintiff notified the adjusters of numerous issues and areas of concern. For example, Plaintiff noted that the estimates undervalued or omitted removal and replacement of brick and backerboard.

16. Defendant determined that Plaintiff's net claim for flood damages was valued at $85,086.70, whereas Plaintiff determined that his net claim for flood damages was valued in excess of $246,948.00. Plaintiff submitted to Defendant a new Proof of Loss on or about July 30, 2018, along with a construction professional's full estimate for the necessary repairs and replacement of Plaintiff's flood damaged property. Defendant denied Plaintiff's proof of loss and failed to provide proper payment under the Policy. Based on information and belief, Plaintiff alleges that Defendant significantly underpaid his claim.

17. Plaintiff suffered losses by and from flood fiercely penetrating the insured property. Plaintiff has incurred and/or will incur significant expenses to repair and replace the flood-damaged property.

18. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied and/or unfairly underpaid or limited the payment on the Plaintiffs claim. Defendant has unfairly and improperly persisted in improperly underpaying the claim despite being provided with extensive evidence as to the actual amount of damages incurred, and the necessary repair and replacement amounts.

## CLAIMS FOR RELIEF

### BREACH OF CONTRACT

19. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the

paragraphs above as if fully set forth herein.

20. Plaintiff and Defendant entered into a contract when Plaintiff purchased, and Defendant issued the flood insurance Policy.

21. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to Plaintiff's property located at the address ascribed above.

22. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with NFIP DIRECT regarding Plaintiff's claims. Plaintiff complied with all conditions precedent to Plaintiff's recovery herein, including filing a Proof of Loss, along with appropriate and adequate demands, or Defendant waived or excused such conditions precedent.

23. Defendant failed to perform and materially breached the insurance contract when: (1) it erroneously accepted the adjuster's report that failed to include the required information about Plaintiff's loss and the damages sustained; and (2) it wrongly failed to pay Plaintiff for the amount it owed Plaintiff for storm damages to property that the Policy covered. Based on information and belief, Defendant owes in excess of an additional $246,948.00 for covered storm damages to Plaintiff's property.

24. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for the covered losses, Defendant is liable to and owe Plaintiff for the actual damages Plaintiff sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

## **CONDITIONS PRECEDENT**

Plaintiff has satisfied all conditions precedent for bringing this action.

## **PRAYER**

WHEREFORE, the Plaintiff demands judgment against the Defendant for the amount due under the Policy, costs and case expenses incurred in connection with the filing and prosecution of this action, reasonable and necessary attorney's fees, and, any and all other appropriate relief to which Plaintiff may be entitled.

Respectfully Submitted,
**GEORGE A. OGGERO, PLLC**

BY:     *[s] George A. Oggero*
George A. Oggero
State Bar No. 24060360
george@golawtexas.com
7606 Pagewood Ln.
Houston, Texas 77063
(713) 301-7323 (Office)
(713) 244-0650 (Facsimile)

**ATTORNEY FOR PLAINTIFF**