IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES MOORE, *et al.*, § § Plaintiffs, § VS. § § FEDERAL EMERGENCY MANAGEMENT § AGENCY, § § Defendant. § § | CIVIL ACTION NO. 4:18-CV-3959 |

## ORDER

Before the Court is Defendant FEMA's Motion to Dismiss (Doc. No. 14). Plaintiff has not responded in opposition to the motion and the deadline to respond has now passed. Upon careful consideration of the arguments, pleadings, and applicable law, the Court herein grants the Motion to Dismiss.

**I.     Background**

Plaintiffs James and Mary Moore ("Plaintiffs" or "the Moores") filed this suit against the Federal Emergency Management Agency ("FEMA") for breach of a flood insurance contract issued pursuant to the National Flood Insurance Program. They filed their Complaint on October 21, 2018 before this Court. (Doc. No. 1). In brief, Plaintiffs allege that their home was devastated by water damage and flooding during Hurricane Harvey in August 2017, and that Plaintiffs submitted a claim to FEMA to cover the property damage. (*Id.* ¶¶ 12–14). FEMA's agents conducted an evaluation and determined that Plaintiffs' net claim amount should total $85,086.70 for damages. (*Id.* ¶ 14). Plaintiffs dispute that the damages award fully accounts for the extent of

damage, which they argue was valued in excess of $246,948.00. (*Id.* ¶¶ 15–16). Accordingly, the Plaintiffs filed suit for breach of contract. (*Id.* ¶¶ 19–24).

FEMA has now moved to dismiss on two grounds. First, FEMA argues that the Court should dismiss the Complaint for insufficient service of process under Rule 12(b)(5). Second, FEMA asks the Court to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as it argues that FEMA is an improper defendant in the case under federal law. (Doc. No. 14 at 2).

## II. Procedural History and Rules Governing Unopposed Motions

FEMA's Motion to Dismiss was filed on July 12, 2019. (Doc. No. 14). This Court's Local Rules state that "Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel . . . . Failure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.3, 7.4 (emphasis added); *see also* Hanen L.R. 7(D). Accordingly, the Moore's response in opposition was due no later than August 2, 2019. That deadline has passed with no response or requests for extensions filed by Plaintiffs.

Therefore, the local rules would allow the Court to grant FEMA's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985)); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980)). In other words, where a party does not respond to a motion to dismiss, such failure does not warrant a severe measure, such as dismissal with prejudice.

2

*Ramsey*, 631 F.2d at 1214. In accordance with Fifth Circuit precedent, this Court will turn to the merits of the motion to dismiss and Plaintiffs' Complaint, and because dismissal is still warranted on the merits, the Court will grant it without prejudice.

**III. Legal Standard**

*a. Rule 12(b)(5)*

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint in a case. For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4. *Starrett v. Lockheed Martin Corp.*, No.3:17-cv-988-D, 2017 WL 4174812, at *1 (N.D. Tex. Aug. 16, 2017), *aff'd* 735 F. App'x 169 (5th Cir. 2018). "The party making service has the burden of demonstrating its validity when an object to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Federal Rule of Civil Procedure 4(i), which governs method of service on the United States, its agencies, and employees, provides:

> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk - or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington,D.C.; . . .
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send

a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Under this rule, both service on the Attorney General and the United States Attorney for the district in which the action is filed are required. *See Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). If a plaintiff fails to properly serve the defendant within 90 days of filing the complaint, "upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Id.* To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Moreover, the Fifth Circuit has explained that actual notice of the litigation does not cure a defect in service under Rule 4. *Peters*, 9 F.3d at 345–46 ("The Court also has rejected the contention that the improper service is cured by untimely personal service of the complaint, even if the United States Attorney has actual notice of the action."). The Fifth Circuit explained that such a dismissal for improper service is proper even if the limitations period for the underlying claim has run. *Id.* (citing *McDonald v. United States*, 898 F.2d 466, 467–68 (5th Cir. 1990)).

### b. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### IV. Analysis

#### a. Service of Process

Although FEMA does not dispute that it was served with process, it disputes whether the Plaintiffs timely and properly served in compliance with Federal Rule of Civil Procedure 4(i). Plaintiffs filed their Complaint on October 21, 2018. On October 23, 2018, the Court issued an "Order Setting Conference" (Doc. No. 3), which instructed Plaintiffs that "[t]he plaintiff must serve the defendant within 90 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. See Fed. R. Civ. P. Rule 4(m)." (*Id.*). Plaintiffs submitted returns of service indicating that the "Office of General Counsel" for FEMA was served on March 6, 2019 (Doc. No. 7), and that the "US Attorney

General" was served on May 20, 2019 (Doc. No. 12). Both of these dates fall outside of the 90-day window of filing the Complaint, which expired in January 2019.

Here, Plaintiff has failed to timely serve the United States Attorney for the Southern District of Texas. Further, it appears from the record that the United States Attorney's office communicated with Plaintiffs' counsel advising him of this defect in hopes of avoiding a motion to dismiss on these grounds. (Doc. No. 14 at 6, Exs. A, B, C). Despite this, Plaintiffs have not made any efforts to serve the United States Attorney, nor have they filed a response in opposition to the motion to dismiss that explains why this Court should overlook this defect. Accordingly, on this basis alone the Court grants the dismissal in accordance with the governing federal procedural law and Fifth Circuit precedent.

### b. *Failure to State a Claim*

FEMA further argues that Plaintiffs fail to state a claim upon which relief can be granted because they sued the wrong party. Defendant argues that under 42 U.S.C. § 4072, FEMA as an agency is not capable of being sued *eo nomine*. Rather, FEMA argues, the proper defendant in the lawsuit is the Administrator or Acting Administrator of FEMA, Peter Gaynor.

Absent a waiver of sovereign immunity, federal agencies such as FEMA may not be sued *eo nomine*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The National Flood Insurance Program contains a narrow waiver of sovereign immunity, allowing suits against the Administrator of FEMA upon disallowance of a claim. 42 U.S.C. § 4072. Plaintiffs sued only FEMA, not its Administrator, and they have not moved for leave to amend their Complaint, nor have they responded to provide any legal support for their named party.

The Court finds that Plaintiffs named the wrong party as a defendant in this suit, but as this error could be corrected, dismissal for this reason alone is not warranted. Nevertheless, since Plaintiffs have failed to serve the correct Defendant and failed to serve any Defendant in a timely and proper manner, the Court grants dismissal without prejudice.

**V.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 14). Plaintiffs' claims are therefore **DISMISSED** without prejudice.

Signed this 6th day of August, 2019.

                                                                ANDREW S. HANEN
                                                                UNITED STATES DISTRICT JUDGE